JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGNOLIA TERRACE APARTMENTS,<br><br>              Plaintiff,<br><br>    v.<br><br>LAVERNE DUBOIS RANDOLPH,<br><br>              Defendant. | Case No. CV 15-5706-GW(PJWx)<br><br>[~~PROPOSED~~] ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION TO LOS ANGELES COUNTY SUPERIOR COURT |

    Before the Court is an unlawful detainer action that Defendant Laverne Dubois Randolph removed from the Los Angeles County Superior Court. For the following reasons, the case is summarily remanded back to that court.

    On July 6, 2015, Plaintiff Magnolia Terrace Apartments filed an unlawful detainer action in the Los Angeles County Superior Court in Norwalk, claiming that Defendant Randolph owed $865 in past-due rent. On July 28, 2015, Defendant removed the action to this court, arguing that there was federal question jurisdiction because the resolution of the action turns on questions of federal law.

    Generally speaking, federal district courts lack subject matter jurisdiction over unlawful detainer actions like this one because they

are grounded in state, not federal, law and do not become federal cases when a defendant raises a federal question as an affirmative defense or counterclaim. See *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . .[or] rest upon an actual or anticipated counterclaim.") (internal citations omitted). Further, it is clear from the face of the Complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332 because, even if Defendant could establish diversity, the amount in controversy is less than $10,000. As a result, Defendant's removal of the action was improper and the case will be remanded to the Superior Court for further proceedings. See 28 U.S.C. § 1441(a); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Norwalk Superior Court, 12720 Norwalk Blvd., Norwalk, CA 90650; (2) the clerk shall send a certified copy of this Order to the state court; and (3) the clerk shall serve copies of the Order on the parties.

IT IS SO ORDERED.

DATED: August 4, 2015

GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-IFP\Civil duty IFP denials\Randolph.wpd